**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4181

TROY TERRELL WASHINGTON, a/k/a
Antonio Williams,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-96-175-CCB)

Submitted: June 2, 1998

Decided: September 2, 1998

Before MURNAGHAN, WILKINS, and NIEMEYER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A.,
Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United
States Attorney, Katharine J. Armentrout, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Troy Terrell Washington appeals his convictions and sentences for conspiracy to distribute and possess with the intent to distribute heroin and possession with the intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). Finding no error we affirm.

Evidence admitted against Washington included taped telephone conversations obtained pursuant to wire taps. To assist the jury in considering this evidence, the Government provided transcripts of the conversations. Washington unsuccessfully moved to compel the Government to produce any draft copies of these transcripts. He argues that the district court's denial of his motion deprived him of an opportunity to effectively cross-examine the officers who prepared the testimony and asserts that the drafts were admissible under Fed. R. Evid. 705 and Fed. R. Crim. P. 26(a)(2)(B). We find no abuse of discretion under either theory. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995) (providing standard). Moreover, the district court's decision was consistent with our holding in United States v. Capers, 61 F.3d 1100, 1107 (4th Cir. 1995).

Washington also argues that the district court improperly restricted his examination of two witnesses. We concur with the district court's ruling as to the defense's questioning of these witnesses and accordingly we find no abuse of discretion in the district court's action. See United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995) (providing standard).

Washington next asserts there was insufficient evidence to support a finding that he was involved with several hundred bags of heroin found in an attic crawl space of an apartment to which he had unfettered access. In relation to this stash of heroin, the Government pre-

2

sented testimony that Washington used the apartment to store the heroin and that he had been observed preparing heroin for distribution from that location. Another witness testified that following the search, Washington sent him to the apartment to determine if the heroin had been discovered. We conclude that this and other evidence construed in the light most favorable to the Government provides substantial evidence supporting the jury's finding that Washington was "involved" with the heroin found at the apartment. See Glasser v. United States, 315 U.S. 60, 80 (1942).

Washington also alleges several sentencing errors. First, he contends that the district court erroneously applied a two-point enhancement under U.S. Sentencing Guidelines Manual§ 3C1.1 (1995), for obstruction of justice because the court concluded he committed perjury. To enhance a defendant's sentence under USSG§ 3C1.1, a district court must make specific findings that the defendant gave false testimony on a material matter with the willful intent to deceive. See United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995). Because the sentencing court made appropriate findings to support the enhancement, we find no clear error. See United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995) (providing standard).

We likewise find no clear error in the district court's determination that Washington was responsible for between one to three kilograms of heroin. See United States v. Williams, 986 F.2d 86, 90 (4th Cir. 1993) (providing standard). Washington argues that this figure was not reasonably foreseeable to him and that the Government engaged in sentencing entrapment, justifying a departure under USSG § 2D1.1, comment. (n.15).*

The theory of sentencing entrapment has not been favored by this Court. Recognizing a distinction between the theories of sentencing entrapment and sentencing manipulation, without accepting the validity of either theory, this Court has noted that courts have defined the former as "`outrageous official conduct [which] overcomes the will of an individual predisposed only to dealing in small quantities for the

_____

*Although Washington's brief references application note 16, it is clear from his argument that he intended application note 15 because note 16 is inapplicable to the facts of this case.

3

purpose of increasing the amount of drugs . . . and the resulting sentence of the entrapped defendant.'" United States v. Jones, 18 F.3d 1145, 1152 (4th Cir. 1994) (quoting United States v. Barth, 990 F.2d 422, 424 (8th Cir. 1993)). We conclude that Washington did not properly raise this exact sentencing entrapment issue below. We therefore review this claim for plain error and find none. See United States v. Olano, 507 U.S. 725 (1993).

Related to this claim of "entrapment," Washington argues that the Government set an artificially low price for the heroin and asserts that a departure was therefore warranted under USSG § 2D1.1, comment. (n.15). While a departure may be granted in such situations, the decision to depart is left to the discretion of the court. We discern no abuse of that discretion here.

Finally, Washington argues that the district court erred in applying a four-level enhancement for being an organizer or leader under USSG § 3B1.1. This Court reviews a district court's determination in this regard for clear error. See United States v. Harriott, 976 F.2d 198, 202 (4th Cir. 1992) (providing standard). We find no clear error here. There were clearly five or more participants in the offense, and the evidence presented at trial reveals that Washington played a leadership role in this organization. In the taped conversations, Washington is heard giving orders to other conspirators. These same conversations capture Washington discussing the provision of testers with a street dealer, again suggesting decision-making authority. In yet another conversation, Washington is heard directing a street dealer to keep the money away from his brother, the individual that Washington portrays as the head of the organization. Given this evidence, we find no clear error in the enhancement.

Accordingly, we affirm Washington's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4